IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.  Case No.: 22-cr-110-wmc

JADE DEENY,

Defendant.

---

**PLEA AGREEMENT**

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the two-count information filed by the United States Attorney's Office. Count 1 charges a violation of Title 21, United States Code, Section 841(a)(1), which carries mandatory minimum penalties of ten years in prison and five years of supervised release, and maximum penalties of life in prison, a $10,000,000 fine, a lifetime period of supervised release, and a mandatory $100 special assessment. Count 2 charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a mandatory $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **AGREEMENT ON SENTENCE:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentence of no less than 14 years in prison is the appropriate disposition of this case. Other than this limitation, the parties are free to argue for any sentence. The parties understand that if the Court accepts this plea agreement, the Court will be bound by the recommendation to sentence the defendant to at least 14 years in prison. If the Court rejects the plea agreement, the defendant may withdraw his plea.

6. **STIPULATION REGARDING OTHER CRIMINAL CONDUCT:** Pursuant to USSG § 1B1.2(c), the defendant stipulates, for purposes of sentencing and forfeiture, that he committed the conduct described in Count 5 of the indictment, namely, that he used and maintained a place, specifically, 627 Powell Street, La Crosse, La Crosse County, Wisconsin, for the purpose of distributing a controlled substance, specifically, cocaine, a Schedule II, controlled substance. The defendant acknowledges his understanding that, by stipulating to the aforementioned conduct, he agrees to forfeit the following assets consistent with the language set forth in paragraphs 12-17 of this agreement: (1) $5,953 in United States currency; (2) Taurus, Model G2C, 9 mm firearm; (3) SCCY, Model CPX-1, 9 mm firearm; (4) Ruger, Model P90, .45 caliber firearm; (5) Shooters Arms Manufacturing, .45 caliber firearm ; (6) Diamondback Firearms, Model DB-15, .556 rifle; (7) 28 rounds of Blazer 9 mm Luger ammunition; (8) 8 rounds of RP Luger 9 mm ammunition; (9) 50 rounds of Blazer 9 mm ammunition; (10) 30 rounds of Ammo 9 mm ammunition; (11) 19 rounds of Norma 9 mm Luger ammunition; (12) 603 rounds of .223 caliber ammunition; (13) 51 rounds of RP Luger 9 mm ammunition; (14) 55 rounds of 45 Full Metal Jacket ammunition; (15) 129 rounds of .45 caliber ammunition; (16) 14 rounds of 45 Auto ammunition; and (17) a mechanical pill press.

7. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On June 6, 2022, a confidential informant (CI) told investigators from the La Crosse Police Department that he/she could purchase Xanax and cocaine from an individual named "Jade." The CI also informed investigators that "Jade" lived at a specific address in La Crosse, Wisconsin. Based on their investigation, law enforcement officers knew "Jade" to be the defendant.

At the direction of investigators, the CI set up a drug deal with the defendant. The defendant confirmed the deal, and investigators provided the CI with prerecorded buy money, as well as an audio/video recording device.

Investigators established surveillance, watched the CI enter the defendant's house, and heard the defendant tell the CI, "Here is the coke." The defendant and the

CI then discussed firearms, including an assault rifle and a 9 millimeter. After several minutes, the CI left the defendant's house and met with investigators. The CI confirmed that he/she purchased cocaine and Xanax from the defendant. Investigators field-tested the suspected cocaine purchased by the CI and confirmed it tested positive for the presence of cocaine.

Video footage from the CI's concealed recorder confirmed that the defendant sold drugs to the CI. In addition, the video recording showed the CI point out a rifle in the defendant's house. The defendant picked up the firearm and manipulated it. The defendant also discussed other firearms he owned.

Shortly after the CI left the defendant's residence, surveillance officers watched the defendant and a female leave the house and drive away. Officers stopped the car and arrested the defendant.

An investigator from the La Crosse Police Department obtained a state search warrant for the defendant's house. During the search, investigators found multiple firearms, including a Diamondback Firearms, Model DB-15, .556 caliber rifle, hundreds of rounds of ammunition, and a high-capacity drum magazine. In addition, investigators found: (1) orange, white, and blue pills that resembled Xanax and Adderall; (2) US Postal Service shipping boxes and envelopes; (3) a vacuum sealer; and (4) $5,953 in cash.

During the search of the defendant's house, investigators also found a lease to a self-storage unit that the defendant signed on May 5, 2022. The investigator obtained a state search warrant for the storage unit which contained a motorized pill press, inert ingredients used to make pills, Tyvek suits (commonly used as protective garments against hazardous chemicals), additional USPS shipping envelopes, pills, two firearms, ammunition, and a high-capacity magazine.

A list of all firearms and ammunition found during the search of the defendant's house and storage unit includes the following: (1) Taurus, Model G2C, 9 mm pistol; (2) SCCY, Model CPX-1, 9 mm pistol; (3) Ruger, Model P90, .45 caliber; (4) Shooters Arms Manufacturing, .45 caliber pistol; (5) Diamondback Firearms, Model DB-15, .556 rifle; (6) 28 rounds of Blazer 9 mm Luger ammunition; (7) 8 rounds of RP Luger 9 mm ammunition; (8) 50 rounds of Blazer 9 mm ammunition; (9) 30 rounds of Ammo 9 mm ammunition; (10) 19 rounds of Norma 9 mm Luger ammunition; (11) 603 rounds of .223 caliber ammunition; (12) 51 rounds of RP Luger 9 mm ammunition; (13) 55 rounds of 45 Full Metal Jacket ammunition; (14) 129 rounds of .45 caliber ammunition; and (15) 14 rounds of 45 Auto ammunition.

The DEA's North Central Laboratory tested a sample of the pills found in the defendant's residence. The laboratory determined the sample weighed 604 grams and contained a detectable amount of methamphetamine.

A special agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the Diamondback Arms rifle and determined it was manufactured in Florida.

On June 6, 2017, the defendant was convicted in New Hanover County, North Carolina of (1) Possession with Intent to Sell or Deliver Marijuana and (2) Possession of a Firearm by Felon (New Hanover County Superior Court case number 2015CRS059348) and received a sentence of 17 to 30 months confinement.

The defendant acknowledges that La Crosse, Wisconsin is in the Western District of Wisconsin, and methamphetamine is a Schedule II controlled substance.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

8. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

9. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the indictment at sentencing.

10. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before November 28, 2022.
29-30 AV

11. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all

4

financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

    12.    **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future. Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

    13.    The defendant agrees that he is the sole owner of all the seized property, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

    14.    The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2 and 43(a), regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits that each of the seized property items is subject to forfeiture because they were involved in the offense or are traceable to property involved in the offense and defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

    15.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

    16.    The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

    17.    In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

    18.    **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a

particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

19. **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding that other than what is described above in Paragraph 5, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant acknowledges that the United States is not bound to recommend a sentence of 14 years in prison and is free to recommend any sentence up to and including the maximum penalties set out above. The defendant also acknowledges his understanding that other than imposing a sentence of at least 14 years in prison, the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

20. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

21. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

November 30, 2022
Date

By: _____
CHADWICK M. ELGERSMA
Assistant United States Attorney

11/29/22
Date

_____
ALEX VLISIDES
Attorney for the Defendant

11/29/22
Date

_____
JADE DEENY
Defendant

6

## ACKNOWLEDGEMENTS

I, JADE DEENY, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_11/29/22_
Date

_[signature]_
JADE DEENY
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_11/29/22_
Date

_[signature]_
ALEX VLISIDES
Attorney for Defendant